**FILED**

**April 17, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 3:20 PM**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| Gary Branam, | ) | |
| Employee, | ) | **Docket No.: 2017-01-0018** |
| v. | ) | |
| Dunlap Stone, Inc., | ) | |
| | ) | **State File No.: 1451-2017** |
| Employer, | ) | |
| And | ) | |
| Travelers Insurance, | ) | **Judge Thomas Wyatt** |
| Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This matter came before the Court on April 13, 2018, on Mr. Branam's Request for Expedited Hearing seeking medical and disability benefits. The issues presented for decision are whether Mr. Branam's neck condition, cardiac evaluation, and hospitalization and treatment for neck surgery arose primarily out of and in the course and scope of employment. For the reasons set forth below, the Court denies Mr. Branam's interlocutory claim for benefits.

### History of Claim

Mr. Branam retired in 2012 following a career in construction, heavy equipment operation, and bail bonding. Dunlap Stone, Inc. hired Mr. Branam in 2014 as a driver of the large off-road dump trucks utilized in its shale quarry. Mr. Branam testified that driving the large trucks over rough terrain jarred his body, as did the loading of his truck.[1]

Before working for Dunlap Stone, Mr. Branam experienced what he described as pain "all over" his body in 2012. His primary care physician ordered x-rays at a facility

---

[1] The loading process took place while Mr. Branam remained in the truck.

1

where physicians noted a history of "[c]hronic neck pain and stiffness-has-No trauma." The x-rays revealed "slight foraminal narrowing at C3-C4 bilaterally" with "uncorvertebral joint hypertrophy." Mr. Branam testified that other testing in 2012 revealed shoulder and knee problems for which he underwent surgical repairs. He denied treatment for a neck problem in 2012, or neck problems before the date of injury that precluded him from working at Dunlap Stone or anywhere else.

On June 16, 2016, Dunlap assigned Mr. Branam and his co-worker, Kenneth Bartlett, to clear surface dirt and rock, called overburden, so co-employees could later set explosives to loosen underlying deposits of shale. Mr. Bartlett dug overburden with a track-hoe scoop and transferred it into the bed of Mr. Branam's truck.

After working about four hours, Mr. Branam experienced numbness and tingling in his left arm and hand, and pain around his left shoulder and collarbone, when jarred by Mr. Bartlett transferring a load of overburden into Mr. Branam's truck. Mr. Branam thought he might be having a heart attack and told Mr. Bartlett, who drove him to Dunlap Stone's nearby office. Dunlap Stone's safety manager then took Mr. Branam to an urgent care facility.

Providers at the clinic transferred Mr. Branam to Erlanger Hospital where physicians hospitalized him for a cardiac assessment. When cardiac testing failed to reveal a reason for Mr. Branam's symptoms, a neurosurgeon, Dr. Lee Kern, diagnosed a herniated disk in Mr. Branam's neck and performed surgery to repair it. Mr. Branam remained hospitalized at Erlanger for nearly two weeks following the date of injury. He has not returned to work at Dunlap Stone, and Dunlap Stone denied his workers' compensation claim.

Mr. Branam filed a workers' compensation claim against Dunlap Stone, which it denied. Mr. Braaum filed a Petition for Benefit Determination and requested this hearing.

At the hearing, both parties relied on opinions given by Dr. Kern in support of their positions.[2] Mr. Branam claimed entitlement to benefits based on a C-32 Standard Form Medical Report completed by Dr. Kern on January 8, 2018. The C-32, which Dr. Kern did not completely fill out, contained Dr. Kern's diagnosis of a cervical disk herniation. Regarding causation, Dr. Kern stated that, more likely than not, Mr. Branam's "whiplash" primarily arose out of and in the course and scope of an incident at work when he experienced jerking and shaking while sitting in a truck as it was being loaded.

---

[2] Each party objected to the introduction of the other party's evidence of Dr. Kern's opinions. The Court overruled the objections for the reasons set out below.

Dunlap Stone objected to the C-32 but never took Dr. Kern's deposition. Instead, it filed Dr. Kern's unsworn, undated declaration[3] stating that he completed the C-32 form for Mr. Branam without having reviewed any of Mr. Branam's medical records. Dr. Kern related that the records he reviewed indicated Mr. Branam told a provider of chronic neck pain and stiffness in 2012. He also indicated that he reviewed a diagnostic report from 2012 that indicated Mr. Branam had osteophytes at the C3-4 through C5-6 levels of his cervical spine. Finally, Dr. Kern stated he reviewed a record revealing that Mr. Branam told a provider that he experienced the same symptoms as those he reported on June 16, 2016, three days before the incident at Dunlap Stone.

Upon reconsidering his causation opinion in view of the described records, Dr. Kern wrote in his declaration:

> Based on my treatment of Mr. Branam and my review of medical records occurring prior to June 16, 2016 [sic] and the history given at the time of admission on June 16, 2016, I cannot opine within a reasonable degree of medical certainty that the injuries for which I treated Mr. Branam arose *primarily* from the work event on July 16, 2016.[4] (Emphasis in original.)

## Findings of Fact and Conclusions of Law

### *Evidentiary Issues*

The Court first addresses objections each party made to the other's offer of documents signed by Dr. Kern. First, Mr. Branam submitted a C-32, to which Dunlap Stone objected based on the failure to identify Mr. Branam as the patient.

Dunlap Stone is correct that Dr. Kern did not completely fill out the C-32. However, Dr. Kern stated in the declaration filed by Dunlap Stone that he completed the C-32. Additionally, the following factors convinced the Court that Dr. Kern provided the information contained in the C-32 about Mr. Branam: the diagnosis Dr. Kern provided in his declaration verified the diagnosis given in the C-32; the mechanism of injury described in the C-32 matched Mr. Branam's testimony about how he suffered injury; and Dunlap Stone provided no proof that Dr. Kern did not sign the C-32 or considered

---

[3] Tennessee Rule of Civil Procedure 72 allows a party to submit a witness's testimony by declaration under penalty of perjury.

[4] Mr. Branam objected to the introduction of Dr. Kern's declaration into evidence because this date was inaccurate. The Court overruled the objection, holding that the inaccuracy went to the weight given the declaration but did not render the declaration inadmissible.

3

information about another patient in providing the information he provided in the C-32. Thus, the Court overruled Dunlap Stone's objection.

On the other hand, Mr. Branam objected to Dunlap Stone's submission of Dr. Kern's declaration. The primary objection Dunlap Stone asserted was that Tennessee Code Annotated section 50-6-235 requires a party to rebut a signed C-32 by deposition, rather than by another written document signed by the physician.

Section 50-6-235(c)(1) provides that "[a]ny party may introduce direct testimony from a physician through a written medical report on a form established by the administrator." Section 50-6-235(c)(2) provides a means for a party to object to the introduction of a physician's testimony by use of the indicated form. The statute requires an objection within ten days from a party's receipt of the form and, upon objecting, charges the objecting party to take the physician's deposition "within a reasonable period of time." If the objecting party does not take the physician's deposition, the statute deems the objection "to be waived."

Here, Dunlap Stone objected to the C-32 but did not depose Dr. Stone. Thus, it waived the objection, and the Court allowed Mr. Branam to place the C-32 into evidence. The Court finds no indication in the statute that a party objecting to a C-32 must challenge the C-32 by deposition or not at all. The only sanction for the objecting party's failure to depose the C-32 doctor is waiver of the objection, not exclusion of contrary opinions. Thus, the Court overruled Mr. Branam's objection and admitted Dr. Kern's declaration into evidence.

*General Legal Principles*

Under Tennessee law, Mr. Branam bears the burden of proof on all elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2017); *see also Buchanan v. Carlex Glass Co,* 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Sept. 29, 2015). However, he need not prove his claim by a preponderance of the evidence at an Expedited Hearing in order to obtain relief. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Rather, he must present sufficient evidence to indicate he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

The Workers' Compensation Law requires that the employee establish an original injury or an aggravation of a pre-existing condition "arose primarily out of and in the course and scope of employment." *See* Tenn. Code Ann. section 50-6-102(14)(A) (2017) To prove his injury caused a disability and/or required medical treatment, the employee must show his alleged injury contributed more than 50% in necessitating the treatment and/or causing his disability. Tenn. Code Ann. § 50-6-102(14)(C). Sections 50-6-102(14)(A),(C), and (E) require the employee to establish the causation by "a reasonable

4

degree of medical certainty."

*Analysis*

Here, Dunlap Stone denied the compensability of Mr. Branam's claim. Specifically, it claimed that Mr. Branam did not establish by requisite medical expert opinion that his cardiac assessment and neck treatment arose primarily out of and in the course and scope of employment. It also contended that Mr. Branam did not prove that a compensable injury caused his absence from work since June 16, 2016.

The Court must reconcile differing causation opinions offered by Dr. Kern in deciding this claim. Those differences are reconciled when the Court considers that when Dr. Kern gave his sworn declaration, he had information regarding Mr. Branam's pre-injury medical history that he did not have when he completed the C-32 form. In view of the above, the Court accepts Dr. Kern's declaration as the most probative evidence of his causation opinion.

Dr. Kern's declaration negated his earlier C-32 opinion. He explained his change of opinion because the records he reviewed after filling out the C-32revealed that Mr. Branam experienced neck-related symptoms before the date of the incident at Dunlap Stone. Dr. Kern concluded in his declaration that he could not give an opinion relating Mr. Branam's injury to work-related events on June 26, 2016. Hence, based on the proof presently in evidence, the Court holds that Mr. Branam will not likely prevail at a hearing on the merits in proving the work-relatedness of his injury.

The Court also notes that Mr. Branam failed to introduce medical expert opinion establishing that the cardiac assessment he underwent constituted reasonable and necessary treatment of a compensable injury. Nor did Mr. Branam offer medical evidence that a compensable injury disabled him from working. Thus, at this time, the Court denies Mr. Branam's interlocutory claim for medical benefits for his cardiac care and for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Branam's claim for medical and temporary disability benefits is denied at this time.

2. The Courts sets this matter for a telephonic Status Hearing on **June 13, 2018, at 10:30 a.m. Eastern Time/9:30 a.m. Central Time**. You must call (615) 741-3061 or toll-free at (855) 747-1721 to participate in the Status Hearing. You must call on the scheduled date/time to participate. Failure to call may result in a determination of the issues without your further participation.

5

**ENTERED April 17, 2018.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:  The Court admitted the following exhibits into evidence during the Expedited Hearing:

1. Affidavit of Gary Branam;
2. First Report of Injury;
3. Medical Records of Premier Radiology/Diagnostic Imaging of Chattanooga;
4. Medical Records of Erlanger Sequatchie Valley, Erlanger Chattanooga, and University of Tennessee Erlanger Neurosurgery Group/Dr. Lee Kern;
5. Form C-32 Standard Form Medical Report Completed by Dr. Lee Kern;
6. Declaration of Dr. Lee Kern;
7. Medical Records Provided to Dr. Lee Kern by Counsel for Employer; and
8. Photograph of truck driven by Mr. Branam.

Technical Record:  The Court considered the following filings in deciding the issues raised by the parties during the Expedited Hearing:

1. Amended Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Notice of Expedited Hearing;
5. Employer's Response to Employee's Request for Expedited Hearing;
6. Employee's Pre-Hearing Statement;
7. Employee's Motion for Extension of Time and/or Continuance;
8. Employer's Response to Employee's Motion for Extension or Time and/or Continuance;
9. Order Continuing Expedited Hearing;
10. Notice of Objection to Use of Form C32 of Dr. Lee Kern;
11. Amended Notices of Expedited Hearing; and
12. Employer's Response to Employee's Request for Expedited Hearing.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on April 17, 2018.

| Name | Certified Mail | Via Email | Email Address |
|------|---------------|-----------|---------------|
| Jerry Bible, Employee's Attorney | | X | lawoffice@biblelawoffice.net <br> tpeardon@biblelawoffice.net |
| Ben Reese, Employer's Attorney | | X | Ben.reese@leitnerfirm.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *five business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within five business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries $ _____ per month    Telephone $ _____ per month

Electricity $ _____ per month    School Supplies $ _____ per month

Water $ _____ per month    Clothing $ _____ per month

Gas $ _____ per month    Child Care $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car $ _____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____ (FMV) _____

Checking/Savings Acct. $ _____

House $ _____ (FMV) _____

Other $ _____ Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)      RDA 11082